UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| REGINALD T. MORRIS, Plaintiff | CIVIL ACTION NO. 1:19-CV-230-P |
| VERSUS | JUDGE DEE D. DRELL |
| CONCORDIA PARISH CORRECTIONAL FACILITY, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint and Amended Complaint under 42 U.S.C. § 1983 (Docs. 1, 12) filed by pro se Plaintiff Reginald T. Morris ("Morris"). Morris is a pretrial detainee incarcerated at the Lafayette Parish Correctional Center ("LPCC"). Morris complains that he was injured while exiting a jail transport van at the Concordia Parish Correctional Facility ("CPCF"). Morris also claims he was denied adequate medical care at CPCF and LPCC, and that he was subjected to unconstitutional conditions of confinement at CPCF.

Because Morris cannot establish that he suffered a constitutional violation, his Complaints (Docs. 1, 12) should be DENIED and DISMISSED.

I.    Background

Morris alleges that he was a passenger in a CPCF van when it was involved in an accident in the sally port. (Doc. 1, p. 3). As Morris was attempting to exit the van unassisted, his leg shackles got caught on a step, and he fell on his head and face, rendering him unconscious. (Doc. 1, p. 3). Morris was transported by ambulance to

the Riverland Medical Center. (Doc. 1, p. 3). Morris was treated at the hospital and returned to CPCF. Morris alleges he was "put on the floor" despite having a bottom bunk pass. (Doc. 1-2, p. 1). Morris alleges he slept on the floor until he was transferred to Lafayette. (Doc. 1-2, p. 1).

Morris alleges he "repeatedly contacted CPCF medical staff via sick call request" but received no response. However, Morris states that he was provided a steroid shot and ibuprofen. (Doc. 1-2, pp. 2-3). Morris also complains about the medical care he received at LPCC.

Morris was ordered to amend his Complaint to state whether he was provided a mattress when he was required to sleep on the floor, and to state the number of nights he slept on the floor. (Doc. 11). Additionally, Morris was ordered to state what injuries, if any, he suffered as a result of sleeping on the floor and as a result of allegedly being denied medical care. (Doc. 11). Finally, Morris was ordered to provide the dates on which he requested medical care and the reasons for his requests, and to state the date on which he was transferred to LPCC from CPCF. (Doc. 11). Morris's Amended Complaint is completely unresponsive to the Order and devoid of any allegation regarding sleeping on the floor. (Doc. 12).

Morris has filed six civil rights suits in this Court since October 2018. So far, two have been dismissed with prejudice as frivolous or failing to state a claim for which relief can be granted. (1:18-cv-1322; 6:19-cv-546).

II.  Law and Analysis

　A.  Morris's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Morris is a prisoner who has been allowed to proceed in forma pauperis. (Doc. 8). As a prisoner seeking redress from an officer or employee of a governmental entity, Morris's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003) (holding that prison management corporations and their employees are state actors under § 1983). Because he is proceeding in forma pauperis, Morris's Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for sua sponte dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

　B.  Morris fails to state a claim regarding sleeping conditions.

The Due Process Clause of the Fourteenth Amendment prohibits the punitive confinement of a pretrial detainee because, by definition, the guilt of a detainee has

3

not been adjudicated. Bell v. Wolfish, 441 U.S. 520, 535 (1979). To determine the applicable analysis, courts must first classify the challenge as either an attack on a "condition of confinement" or as an "episodic act or omission." Flores v. County of Hardeman, Tex., 124 F.3d 736, 738 (5th Cir. 1997). The former is a challenge to the "general conditions, practices, rules, or restrictions of pretrial confinement." Hare v. City of Corinth, Miss., 74 F.3d 633, 644 (5th Cir. 1996). In contrast, an "episodic act or omission" claim concerns a particular act or omission of one or more officials, and it focuses on "whether [the] official breached his constitutional duty to tend to the basic human needs of persons in his charge." Id. at 645.

Morris does not complain of general, widespread conditions, practices, rules, or restrictions; rather, he complains of an episodic acts or omission—sleeping on the floor. "The relevant question becomes whether [the] official breached his constitutional duty to tend to the basic human needs of persons in his charge. . . ." Estate of Henson v. Wichita Cty., Tex., 795 F.3d 456, 463 (5th Cir. 2015) (internal quotation marks and citation omitted).

A jail official violates a pretrial detainee's constitutional right to be secure in his basic human needs only when the official had subjective knowledge of a substantial risk of serious harm to the detainee and responded to that risk with deliberate indifference. In other words, the state official must know of and disregard an excessive risk to inmate health or safety. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Id.

Morris failed to amend his Complaint to provide sufficient allegations of a constitutional violation. Morris does not identify the officer that allegedly made him sleep on the floor, and Morris does not allege that he was deprived of a mattress. Other cases have held that a plaintiff was not deprived of a basic human need or a minimal civilized measure of life's necessities when his mattress was not elevated. See Gaines v. McDonald, 577 F. App'x 335, 336 (5th Cir. 2014) ("There is no authority holding that a prisoner has a constitutional right to sleep in an elevated bed."); Mann v. Smith, 796 F.2d 79, 85 (5th Cir. 1986) (reasoning that the plaintiff "has cited no case holding that the Constitution requires elevated beds for prisoners, and we know of no source for such a right").

### C. Morris fails to state a claim for the deprivation of medical care.

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with "deliberate indifference" to the serious medical needs of prisoners. See Farmer v. Brennan, 511 U.S. 825, 834, (1994); Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." Domino v. Tex. Dep't Crim. J., 239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Morris has not presented factual allegations indicating that Defendants ignored his complaints, refused to treat him, or intentionally treated him incorrectly. Morris was transported by ambulance to the Riverland Medical Center immediately following his fall. (Doc. 1, p. 3). After being treated at the hospital, Morris was returned to CPCF. Morris states that he was provided a steroid shot and ibuprofen. (Doc. 1-2, pp. 2-3). Morris has also been examined at a hospital in Lafayette. (Doc. 12, p. 2). However, Morris complains that his requests for an MRI have not yet been granted. (Doc. 12, pp. 1-2).

Morris clearly disagrees with the treatment he received. However, a prisoner's disagreement with prison officials regarding medical treatment is insufficient to establish an unconstitutional denial of medical care. See Norton v. Dimanzana, 122 F.3d 286, 292 (5th Cir. 1997); Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

### III. Conclusion

Because Morris cannot establish that he suffered a constitutional violation, IT IS RECOMMENDED that Morris's Complaint and Amended Complaint (Docs. 1, 12) be DENIED and DISMISSED WITH PREJUDICE under § 1915(e)(2)(b) and § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply

briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

**THUS DONE AND SIGNED** in chambers in Alexandria, Louisiana, this __5th__ day of June, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge